Eastern District of Kentucky
FILED
DEC 13 2013
AT FRANKFORT
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| VICTOR HUMBERTO ARAGUZ-RAMIREZ, | ) ) ) |
| Petitioner, | ) ) ) Civil Action No. 13-140-GFVT ) |
| v. | ) **MEMORANDUM OPINION** ) **AND ORDER** |
| SHANNON WITHERS, *Acting Warden, USP-McCreary*, | ) ) ) |
| Respondent. | |

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

Victor Humberto Araguz-Ramirez is an inmate confined by the Bureau of Prisons ("BOP") in the United States Penitentiary ("USP")-McCreary located in Pine Knot, Kentucky. Araguz-Ramirez has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. [R. 1] Araguz-Ramirez has paid the $5.00 filing fee. [R. 6]

Araguz-Ramirez challenges the manner in which the BOP is administering the federal sentence he is currently serving. Araguz-Ramirez alleges that the BOP should credit his current sentence with 6 months of time which he served in a jail prior to the date on which his federal sentence was imposed. The Court must evaluate Araguz-Ramirez's petition to determine whether "it plainly appears from the petition and any attached exhibits that [he] is not entitled to relief." R. Governing § 2254 Cases 4 (applicable to Section 2241 cases through Rule 1(b)). As explained below, the Respondent will be required to respond to Araguz-Ramirez's claim.

**I**

In May 2008, Araguz-Ramirez pleaded guilty in federal court in Sherman, Texas, to re-entering this country as a deported alien in violation of 8 U.S.C. § 1326. *United States v. Araguz-Ramirez*, No. 4:08-CR-77-MAC-DDB-1 (E.D. Tex. 2008) [R. 15-19, therein] On September 5, 2008, the district court sentenced Araguz-Ramirez to a 96-month prison term. [R. 26, therein] Araguz-Ramirez filed a direct appeal, but his counsel filed an *Anders* brief stating that a review of the record revealed no non-frivolous grounds of appeal. Araguz-Ramirez was given the opportunity to respond to counsel's motion to withdraw from the appeal and the *Anders* brief, but when he failed to do so, the Fifth Circuit Court of Appeals dismissed his appeal as frivolous. [R. 33 therein; *see also United States v. Araguz-Ramirez*, No. 08-40918 (5th Cir. June 10, 2009)]

On October 23, 2009, Araguz-Ramirez filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *Araguz-Ramirez v. United States*, No. 4:09-CV-526-RAS-DDB (E.D. Tex. 2009). Araguz-Ramirez alleged that he had been denied effective assistance of counsel in violation of the Sixth Amendment of the U.S. Constitution because his trial counsel had failed to object to the presentence report, filed an *Anders* brief on appeal which adversely affected his appellate rights, and coerced him to plead guilty. Araguz-Ramirez also alleged that he was illiterate "to the English language," and that the prior convictions used to enhance his sentence were invalid.

On June 14, 2010, the Magistrate Judge issued his first Report recommending the denial of the § 2255 motion, based on the fact that Araguz-Ramirez had not provided the

Court with a current mailing address and had therefore failed to prosecute the case. [R. 14, therein] On December 10, 2010, Araguz-Ramirez filed objections to the Report, explaining that he had been transferred from one federal correctional institution to another. [R. 15, therein] The district court neither adopted nor rejected the Magistrate Judge's Report and Recommendation of June 14, 2010.

No further action ensued in that proceeding until February 20, 2013, when the Magistrate Judge issued a second Report and Recommendation [R. 16, therein] which addressed the merits of Araguz-Ramirez's § 2255 motion. For various reasons, the Magistrate Judge recommended that Araguz-Ramirez's § 2255 petition be denied.[1] On March 27, 2013, the district court adopted the Magistrate Judge's second Report and Recommendation, and entered Judgment in favor of the United States. [R. 17 and 18, therein] Araguz-Ramirez did not appeal that ruling.

On July 2, 2013, Arguz-Ramirez filed a second motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *Araguz-Ramirez v. United States*, No. 4:13-CV-372-MAC-ALMB (E.D. Tex. 2013) [R. 1, therein] Araguz-Ramirez acknowledged filing an earlier § 2255 motion, but he stated that he was not aware of the disposition of his

---

[1] The Magistrate Judge concluded that because of Araguz-Ramirez's extensive criminal history, his challenge to his enhanced sentence lacked merit. [*Id.*, p. 2, therein] The Magistrate Judge further noted that Araguz-Ramirez had admitted to the prior convictions which were used to enhance his sentence, and had stated at sentencing that his criminal history, as set forth in the pre-sentence investigation report, was correct. [*Id.*, pp. 2-3, therein] Finally, the Magistrate Judge analyzed Araguz-Ramirez's claims alleging ineffective assistance of counsel, but concluded that none of them had merit. [*Id.*, pp. 4-10, therein]

earlier § 2255 motion,[2] that he did not understand the law, and that he required the assistance of other inmates to prepare his legal documents. [*Id.*, p. 4]

In his second § 2255 motion, Araguz-Ramirez alleged: (1) that the district court improperly enhanced his sentence by 16 levels, and that based on the new rule of constitutional law established in several cases decided by the Supreme Court in 2013, his sentence was no longer constitutional; (2) that the BOP improperly refused to credit his 96-month sentence with approximately 6 months of pre-sentence time which he served in a jail between October 7, 2007, and April 4, 2008; and (3) that during all stages of his criminal proceeding, he received ineffective assistance of counsel, in violation of his rights guaranteed under the Sixth Amendment of the U.S. Constitution.

Because Araguz-Ramirez's second claim involved sentence credits and the manner in which the BOP was administering his sentence, the district court determined that the claim fell under the purview of 28 U.S.C. § 2241. [R. 3, p. 1, therein] The Magistrate Judge therefore severed that claim from Araguz-Ramirez's second § 2255 motion, and, because Araguz-Ramirez is confined in a federal prison located this district, transferred his sentence-credit claim to this Court for disposition.[3]

---

[2] Later in his second § 2255 motion, Araguz-Ramirez reiterated that claim, stating, "Moreover, petitioner is not aware of the result of the prior § 2255 proceedings, as he has received no information from the Court." [*Id.*, p. 7]

[3] The Magistrate Judge then issued a Report recommending that the remainder of Araguz-Ramirez's second § 2255 motion be denied as an unauthorized second or successive § 2255 motion, stating that Araguz-Ramirez had not obtained permission from the Fifth Circuit Court of Appeals to file a successive § 2255 motion as required by 28 U.S.C. §§ 2244(b)(3)(A), 2255. [R. 4, therein] Araguz-Ramirez filed timely objections [R. 6, therein] to the Report, but on August 2, 2013,

This proceeding was commenced on July 3, 2013. Araguz-Ramirez paid the $5.00 filing fee on September 16, 2013 [R. 6], but he has filed no other documents or pleadings in this action.

## II

The sole issue presented in Araguz-Ramirez's transferred § 2241 petition is whether the BOP has improperly refused to apply 6 months of pre-sentence jail credit to his 96-month federal sentence.[4] Araguz-Ramirez alleges that this time-period covers the time which he served in custody in an unidentified jail between October 7, 2007, and April 4, 2008. Araguz-Ramirez alleges:

> From 10/7/2007 until 4/4/2008 petitioner was held in jail under a United States Marshal hold for the instant offense of conviction. Therefore, petitioner respectfully moves this Honorable Court to state in an Order that petitioner is entitled to this 6-months jail time credited towards his instant sentence, so that the Federal Bureau of Prisons will credit him with his time.

[R. 1, p. 5 "Ground Two"]

However, Araguz-Ramirez has provided no other facts in support of his claim, nor has he alleged that he attempted to administratively exhaust his claim in compliance with the BOP's regulations set forth in 28 C.F.R. §§ 542.10-19. Federal prisoners must exhaust their administrative remedies before they may file a § 2241 petition, *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006), but the Sixth Circuit has recently held that because

---

the district court entered an order overruling those objections, adopting the Magistrate Judge's Report, and dismissing the case. [R. 7, therein] Araguz-Ramirez did not appeal that ruling.

[4] According to the BOP's website, Arguz-Ramirez's projected release date is July 15, 2016. *See* http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=63041-079&x=79&y=33 (last visited on December 4, 2013).

exhaustion is an affirmative defense both generally and in the context of prisoner lawsuits, district courts may not *sua sponte* dismiss a § 2241 petition where it appears that the prisoner has not exhausted his administrative remedies. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013).

Having completed the initial evaluation required by Rule 4, the Court concludes that Araguz-Ramirez's sentence-credit claim warrants a response from the Respondent. *See* R. Governing § 2254 Cases 4 ("If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.").

Accordingly, it is **ORDERED** that:

(1) The Clerk of the Court shall, by certified mail, send a copy of the petition [R. 1] and all attachments thereto, and this Order, to (a) Respondent Shannon Withers, Warden of USP-McCreary, (b) the Attorney General for the United States, and (c) the United States Attorney for the Eastern District of Kentucky.

(2) Within sixty (60) days of the date of entry of this Order, Respondent Withers must file a response to the § 2241 petition. The response shall be in the form of a memorandum addressing the factual allegations and legal claims contained in the petition and attachments. A formal motion to dismiss or for summary judgment is not necessary or appropriate for these proceedings. The Respondent shall also include as attachments any documentary evidence relevant either to Victor Humberto Araguz-Ramirez's claim or to his response.

(3) Araguz-Ramirez must keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

(4) Araguz-Ramirez must send a copy of every document he files to the Respondent or his attorney. **The original document which Araguz Ramirez files with the Court must include his statement certifying that he has done so and the date the document was mailed to the Respondent. The Court will disregard any document filed without the required certification**.

(5) Araguz-Ramirez must communicate with the Court solely through notices or motions filed with the Court. **The Court will disregard correspondence sent directly to this Judge's chambers**.

This 13th of December, 2013.



Signed By
Gregory F. Van Tatenhove
United States District Judge