UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| VICTOR HUMBERTO ARAGUZ-RAMIREZ, | ) ) ) |
| Petitioner, | ) ) ) |
| v. | ) ) ) |
| J. C. HOLLAND, WARDEN, | ) ) ) |
| Respondent. | ) |

Civil Action No. 13-CV-140-GFVT

**MEMORANDUM OPINION
&
ORDER**

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Victor Humberto Araguz-Ramirez is an inmate confined by the Bureau of Prisons ("BOP") in the United States Penitentiary ("USP")-Florence, located in Florence, Colorado.[1] Proceeding without counsel, Araguz-Ramirez has filed a pleading [R. 1] which has been construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 2.] Araguz-Ramirez challenges the manner in which the BOP has calculated the 111-month federal sentence that he is currently serving, claiming that the BOP

---

[1] The BOP's website states that Araguz-Ramirez, BOP Register No. 63041-079, is currently confined in the USP-Florence. *See* http://www.bop.gov/inmateloc (last visited on December 18, 2014). When this action was docketed in this Court on July 17, 2013, Araguz-Ramirez was confined in USP-McCreary, located in Pine Knot, Kentucky. Araguz-Ramirez continued to be confined in USP-McCreary on March 11, 2014, when he filed his Reply [R. 14] to the Warden's Response [R. 11], but at some point after March 11, 2014, he was transferred to USP-Florence. Araguz-Ramirez did not notify the Clerk of the Court of his change of address as he had been instructed to do in prior Orders. This Court must address Araguz-Ramirez's habeas petition despite his transfer because jurisdiction over a § 2241 petition is determined at the time the proceeding is filed, and the subsequent transfer of a prisoner- petitioner will not defeat habeas jurisdiction. *White v. Lamanna*, 42 F. App'x 670, 671 (6th Cir. 2002); *Walker v. Hogsten*, No. 10-CV-276–ART, 2011 WL 2149098, at \*2, n.2 (E.D. Ky. May 31, 2011).

1

erroneously refuses to credit his federal sentence with six months of prior custody credit for time that he spent in state detention between October 7, 2007, and April 4, 2008.

The case is ripe for disposition, as the Respondent has filed her Response [R. 11] to the § 2241 petition, submitting various documents in support thereof, including the sworn Declaration of Patrick Liotti, Management Analyst at the BOP's Designation and Sentence Computation Center located in Grand Prairie, Texas. Araguz-Ramirez has filed his Reply [R. 14] to the Warden's Response. Having reviewed Araguz-Ramirez's § 2241 petition, the BOP's Response, and Araguz-Ramirez's Reply, the Court must deny the habeas petition because Araguz-Ramirez has not set forth grounds entitling him to the credit he requests toward his current federal sentence.

# I

## 1

The following is a chronological summary of Araguz-Ramirez's state and federal convictions, based on information contained in his § 2241 petition and attachments thereto, and information contained in the federal judiciary's PACER online database.

**February 24, 2003**: The federal court in Brownsville, Texas, sentenced Araguz-Ramirez to a 51-month prison term and a 3-year term of supervised release stemming from his convictions under 8 U.S.C. §§ 1326(a) and (b), being an Alien Found in the United States after Deportation, Having Been Previously Convicted of a Felony. *United States v. Victor Humberto Araguz-Ramirez*, No. 02-CR-675-1 (S.D. Tex. 2002) [R. 16, therein] ("the First Federal Action").

**June 23, 2007**: Araguz-Ramirez was arrested by the Sachse, Texas Police Department for Burglary of a Building. [R. 11-1; *see also* Liotti Dec. ¶ 4; Attachment B: Superseding Petition for Warrant or Summons for Offender under Supervision issued in the First Federal Action.]

**June 26, 2007**: Araguz-Ramirez was released on bond. [R. 11-1, Liotti Dec. ¶ 4; Attachment B.]

**October 10, 2007**: Araguz-Ramirez was arrested by the Mesquite, Texas Police Department for Failure to Identify Fugitive with Intent to Give False Information. [R. 11-1, Liotti Dec. ¶4; Attachment B.] [2]

**October 22, 2007**: Araguz-Ramirez was sentenced by the Dallas County Court at Law to 45-days incarceration for Failure to Identify Fugitive with Intent to Give False Information. [R. 11-1, ¶ 4, Attachment B.]

**December 19, 2007**: Araguz-Ramirez was sentenced by the 416th District Court in McKinney, Texas, to 180 days for Burglary of a Building. [*Id.*, ¶ 4, Attachment B.]

**April 6, 2008**: After being held in custody for 180 days, between October 10, 2007, and April 6, 2008, local authorities released Araguz-Ramirez on time served to a detainer filed by the United States Department of Homeland Security. [*Id.*, ¶5; Attachment C: United States Marshals Service Form 129.]

---

[2] Araguz-Ramirez claims he was held in federal custody from October 7, 2007 until April 4, 2008, on charges that led to his current incarceration. [R. 1, at p. 5.] The Respondent states that the BOP could locate no documentation supporting Araguz-Ramirez's claim that he was incarcerated on October 7-9, 2007, and that it appears that Araguz-Ramirez was in state custody from October 10, 2007 to April 6, 2008. [R. 11, p. 3, n.1.]

**April 9, 2008**: In federal court in Sherman, Texas, Araguz-Ramirez was charged with re-entering the country as a deported alien, in violation of 8 U.S.C. § 1326. *United States v. Victor Humberto Araguz-Ramirez*, No. 4:08-CR-77-MAC-DDB-1 (E.D. Tex. 2008) ("the Second Federal Action") [R. 1, therein].

**May 21, 2008**: Araguz-Ramirez pleaded guilty in the Second Federal Action to re-entering the United States as a deported alien, and the district court accepted his guilty plea. [*Id.*, R. 13-18, therein.]

**July 31, 2008**: In federal court in Sherman, Texas, Araguz-Ramirez was charged with violating the terms of his supervised release imposed in the First Federal Action. *United States v. Victor Humberto Araguz-Ramirez*, No. 4:08-CR-156-RAS-DDB-1 (E.D. Tex. 2008) ("the Third Federal Action") [R. 1, therein].[3]

**September 5, 2008**: Araguz-Ramirez was sentenced in the Second Federal Action to a 96-month prison term. *See United States v. Victor Humberto Araguz-Ramirez*, No. 4:08-CR-77-MAC-DDB-1 (E. D. Tex.) [R. 26, therein]; *see also* R. 11-1 in this § 2241 proceeding (Liotti Dec. ¶5; Attachment D].

**October 21, 2008**: Araguz-Ramirez was sentenced in the Third Federal Action to a 15-month prison term, which was ordered to run consecutively to the 96-month prison sentence imposed in the Second Federal Action. *See United States v. Victor Humberto Araguz-Ramirez*, No. 4:08-CR-156-RAS-DDB-1 (E.D. Tex.) [R. 13, therein]; *see also* R. 11-1 in this proceeding (Liotti Dec. ¶5; Attachment E).

---

[3] On July 28, 2008, jurisdiction over Araguz-Ramirez's supervised release was transferred from the First Federal Action to the Third Federal Action. [*See* Docket Sheet of the First Federal Action, R. 25, therein].

In accordance with 18 U.S.C. §3585(a) and Program Statement 5880.28, Sentence Computation Manual (CCCA-1984), the BOP prepared a sentence computation for Araguz-Ramirez, commencing the aggregated 111-month sentence on September 4, 2008, the date on which the sentence was imposed in the Second Federal Action. [*See* R. 11-1, Liotti Dec. ¶6; Attachment A at 3.] Under that calculation, Araguz-Ramirez has been awarded jail credit which will be applied towards his federal sentence for the dates of June 23, 2007 to June 26, 2007, and April 7, 2008 to September 3, 2008. [*Id*., Liotti Dec. ¶6; Attachment A at 3.] The BOP refuses to credit Araguz-Ramirez's 111-month sentence with the six-month period between October 10, 2007 to April 6, 2008, because it contends that this 180-day period was previously applied and/or credited to Araguz-Ramirez's state sentence for Burglary of a Building, which was imposed by the 416th District Court in McKinney, Texas, on December 19, 2007.

Based on the BOP's calculation, Araguz-Ramirez is scheduled to be released from custody, via good-conduct time, on July 15, 2016. [*Id*., Liotti Dec. ¶6; Attachment A at 3; *see also* http://www.bop.gov/inmateloc (last visited on December 18, 2014).]

**2**

Both parties agree that Araguz-Ramirez began the administrative remedy process in which he requested that the BOP apply six months of time that he spent in state custody, between October 7, 2007, and April 4, 2008, to his 111-month federal sentence. Araguz-Ramirez submitted a "Request for Administrative Remedy" (BP-9) to the Warden of USP-McCreary on September 10, 2013, almost two months *after* this § 2241

proceeding was docketed in this Court on July 17, 2013. [*See* Araguz-Ramirez Reply, R. 14, p. 2, ¶ 5; R. 11-1, Liotto Decl., ¶ 7.]

Both parties agree that the Warden denied that request, identified as No. 749844-F1, on September 19, 2013, on the grounds that Araguz-Ramirez had received credit against his state sentence for that six-month period of incarceration, and that crediting his federal sentence with that same amount of time was prohibited by 18 U.S.C. § 3585(b). [*See* Araguz-Ramirez Reply, R. 14, p. 2, ¶ 5; R. 11-1, Liotto Decl., ¶ 7.] Both parties further agree that on October 28, 2013, Araguz-Ramirez submitted a BP-10 appeal (appealing the denial of his BP-9) to the BOP's Regional Office, and that on December 13, 2013, the Regional Office denied Araguz-Ramirez's BP-10 appeal for the same reasons that the Warden had denied his earlier remedy request, which was that because Araguz-Ramirez had received credit against his state sentence for the period of time between October 10, 2007 to April 6, 2008, that same time could not be credited against his federal sentence under 18 U.S.C. § 3585(b). [*See* Araguz-Ramirez Reply, R. 14, p. 2, ¶ 6; R. 11-1, Liotto Decl., ¶ 8.] The Regional Director further informed Araguz-Ramirez that the BOP could not locate records verifying that he had been in custody for the two days between October 7, 2007 and October 9, 2007. [*See* R. 11-1, Liotti Dec. ¶8.]

The parties disagree, however, as to whether Araguz-Ramirez then took the next step required under the BOP's administrative remedy process, *i.e.*, submitting a BP-11 appeal (appealing the Regional Director's denial) to the BOP Central Office. Araguz-Ramirez contends that on January 4, 2014, he submitted a BP-11 to the BOP Central

Office, and that his BP-11 appeal is still pending in that office. [*See* Reply, R. 14, p. 2, ¶ 7.] In his sworn Declaration, however, Patrick Liotti states that Araguz-Ramirez neither submitted a BP-11 appeal to the BOP Central Office, nor filed any other type of administrative remedy. [*See* R. 11-1, Liotto Decl., ¶ 9.]

The Respondent contends that Araguz-Ramirez failed to comply with the BOP's administrative regulations: first, by not beginning and completing the administrative remedy process *prior* to filing an action in July 2013 seeking sentencing credits, and second, by failing to submit his final BP-11 appeal to the BOP Central Office once he began the exhaustion process. The Respondent thus contends that because Araguz-Ramirez did not *properly* exhaust his sentencing credit claims in the time frame and precise manner prescribed by the BOP's regulations, the Court is precluded from considering his claims in this § 2241 proceeding.

## II

Araguz-Ramirez began this litigation on July 2, 2013, by filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the Second Federal Action, relative to his conviction and sentence in that proceeding. [*See* R. 1; *see also* Docket Sheet from Second Federal Action, R. 35 (also docketed as a civil action in *Araguz-Ramirez v. United States*, No. 4:13-CV-372-MAC-ALM (E. D. Tex. 2013))].

In conducting a preliminary review of that § 2255 motion, the district court in Texas determined that Araguz-Ramirez had raised an issue therein concerning the manner in which the BOP was administering his federal sentence, and that the claim

7

should be brought pursuant to 28 U.S.C. § 2241. Consequently, the Texas district court severed that claim from Araguz-Ramirez's § 2255 motion; construed it as a petition for habeas corpus relief under 28 U.S.C. § 2241, pursuant to 28 U.S.C. § 2241(d) and its Local Order 95-2; and transferred it to this Court, because at that time Araguz-Ramirez was confined in USP-McCreary, which is located in this district. [*See* R. 2; *see also* July 3, 2013, Order entered in *Araguz-Ramirez v. United States*, No. 4:13-CV-372-MAC-ALM (E. D. Tex. 2013), R. 3]. Araguz-Ramirez's transferred § 2241 petition was thus docketed in this Court as having been filed on July 17, 2013.

The parties are at odds on the issue of whether Araguz-Ramirez filed his final BP-11 appeal with the BOP Central Office. The Court finds Patrick Liotto's Declaration, stating that Araguz-Ramirez did *not* submit his BP-11 appeal, more persuasive than Araguz-Ramirez's claim that he did submit his BP-11 appeal. But even assuming that Araguz-Ramirez *did* submit his final BP-11 appeal as he claims, the Respondent is nevertheless correct that Araguz-Ramirez failed to properly comply with the BOP's administrative remedy process, because he did not begin the remedy process until two months *after* he sought judicial relief in Texas in July 2013.

The BOP has established a three-step Administrative Remedy Program whereby an inmate may progressively redress grievances at the institutional, Regional, and Central Office (national) levels. *See generally* 28 C.F.R. § 542.10, et seq. After the inmate has attempted to resolve his respective matter of concern informally, an initial request is made to the Warden at the institution level. If the inmate is dissatisfied with the Warden's

response, he may appeal to the Regional Director within twenty days of receiving the Warden's response. *See* 28 C.F.R. § 542.15. If he is dissatisfied with the Regional Director's response, he may appeal to the General Counsel in the BOP's Central Office, Washington, D.C., within thirty days of receiving the Regional Director's response. *Id*.

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, federal courts require federal prisoners to fully exhaust the available administrative remedies within the BOP before filing a petition seeking habeas corpus relief under § 2241. *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981). A prisoner may seek judicial review of the BOP's calculation of sentence credit pursuant to 28 U.S.C. § 2241, but only after exhausting administrative remedies within the BOP. *United States v. Wilson*, 503 U.S. 329, 335 (1992); *see also United States v. Cosby*, No. 08-20209-STA, 2009 WL 416246, at *2 (W.D. Tenn., Feb. 18, 2009) ("[E]xhaustion of administrative remedies within the BOP is a jurisdictional prerequisite to seeking the district court's review of the BOP's sentence credit calculation."); *United States v. Singh*, 52 F. App'x 711, 712 (6th Cir. 2002).

As the Respondent has correctly noted, the administrative exhaustion process permits the agency to review and possibly correct its own errors without court intervention. *See Bethea v. DeWalt*, No. 09-CV-250-JBC, 2010 WL 55924, at *2 (E.D. Ky. 2010) ("The exhaustion requirement is designed to ensure not only that the agency be given the opportunity to review its conclusions short of litigation, but also that the district court be provided a complete record upon which to review the agency's final action.");

9

*see also Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991) (stating that petitioner was "demanding that the federal court order the agency to correct an error rather than permitting the agency to do so on its own."). Federal courts require habeas petitioners to administratively exhaust claims prior to seeking judicial relief because the process: (1) allows the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permits agencies to grant the relief requested conserves judicial resources; and (3) provides agencies the opportunity to correct their own errors fosters administrative autonomy. *Spencer v. Martinez*, No. 09-CV-932, 2009 WL 454474, *1 (M.D. Pa. 2009) (quoting *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761-62 (3rd Cir. 1996)); *Noriega-Lopez v. Ashcroft*, 225 F.3d 874, 881 (9th Cir. 2003).

These laudable goals could not be achieved in this case, because Araguz-Ramirez started the administrative exhaustion process *after* this § 2241 proceeding was filed. Araguz-Ramirez began requesting sentence credits in the Second Federal Action on July 2, 2013, and the civil action in this Court was filed on July 17, 2013, but Araguz-Ramirez did not begin the administrative remedy process until almost two months later, on September 5, 2013, when he submitted his BP-9 "Request for Administrative Remedy" to the Warden of USP-McCreary. Under these facts, it would have been impossible for the BOP officials to assess the validity of Argauz-Ramirez's sentencing credit request *prior* to the filing of a § 2241 petition, because Argauz had already "jumped the gun" by prematurely seeking relief in federal court *before* he administratively exhausted his sentence credit claims under the BOP's regulations.

10

In his Reply [R. 14], Araguz-Ramirez does not dispute these dates and facts; he merely asserts that the steps which he did undertake were sufficient to comply with the BOP's exhaustion regulations. He contends that he should not be penalized for starting the exhaustion process after this § 2241 action was filed, noting that he initiated the process of requesting the six months of credit by filing a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in the Second Federal Action, and that he did not and could not have anticipated that part of his § 2255 motion would be construed as a § 2241 petition and transferred to this Court for further disposition.

Araguz-Ramirez thus suggests that the exhaustion rule should be waived in this case simply because he filed the wrong type of motion in the wrong district court, but he cites no authority for that proposition. The fact remains that Araguz-Ramirez should have fully and properly exhausted his sentence credit claims in compliance with the BOP's administrative remedy process, then filed a § 2241 petition. A prisoner must fully and *properly* comply with the BOP's administrative remedy process, not just partially comply with the process. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court interpreted this language as requiring "proper exhaustion," meaning that a prisoner must "make full use of the prison grievance process" and "compl[y] with the system's critical procedural rules." *Id*. at 93-95. As it is undisputed that Araguz-Ramirez did not begin the administrative remedy process until September 2013, almost two months *after* this § 2241 proceeding was filed, the Court concludes that Araguz-Ramirez failed to properly exhaust his sentencing credit claims.

Even excusing Araguz-Ramirez's failure to properly exhaust his sentencing credit claim, based on the severance and transfer of that claim from the Second Federal Action, the BOP has correctly denied his request for credit toward his federal sentence for the six-month period between October 10, 2007, and April 6, 2008. As Management Analyst Patrick Liotti fully explained in his Declaration and attachments thereto, that entire six-month period was applied to Araguz-Ramirez's state sentence for Burglary of a Building, which was imposed by the 416th District Court in McKinney, Texas, on December 19, 2007. Araguz-Ramirez received full credit for this entire six-month period of time on that state court criminal sentence.

As the BOP further explained during the administrative remedy process and in its Response to the § 2241 petition, 18 U.S.C. § 3585(b) permits credit against a federal sentence only for time "that has not been credited against another sentence," which means that time which has previously been credited towards service of a state sentence may not be "double counted" in credit against a federal sentence. Therefore, crediting Araguz-Ramirez's current 111-month federal sentence with the six-month period of time which he spent in state custody between October 10, 2007, and April 8, 2008, and for which he received credit on his Texas state court burglary sentence, would result in the award of improper double credit, a result which § 3585(b) prohibits. *Broadwater v. Sanders*, 59 F. App'x 112, 113-14 (6th Cir. 2003); *Garrett v. Snyder,* 42 F. App'x 756 (6th Cir. 2002); *Huffman v. Perez*, 230 F.3d 1358, 2000 WL 1478368, at *2 (6th Cir. Sept. 27, 2000); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993). Further,

neither of the Texas federal sentences imposed in 2008 state that they are to run concurrently with any of Araguz-Ramirez's previous state court criminal sentences.

In his Reply, Argauz-Ramirez broadly alleges that he is entitled to the requested six-month credit, and that awarding the credit "appears to be in the best interests of all involved parties, including the Court and the public." [R. 14, at 3.] Araguz-Ramirez provides no authority for his conclusory assertion, and this Court is unable to ignore 18 U.S.C. § 3585(b), and its unequivocal prohibition against awarding double credit on a federal sentence when such credit has previously been applied to a state sentence.

Therefore, the Court will deny Araguz-Ramirez's habeas petition because he is not entitled to the sentencing credit which he seeks in this § 2241 proceeding.

### III

Accordingly, **IT IS ORDERED** that:

1. Victor Humberto Araguz-Ramirez's 28 U. S. C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED** and the Court will enter an appropriate Judgment.

2. This matter is **STRICKEN** from the docket.

3. The Clerk of the Court shall send a copy of this Memorandum Opinion and Order and attached Judgment to Victor Humberto Araguz-Ramirez at the following address, where he is currently confined:

**Victor Humberto Araguz-Ramirez**
**BOP Register No. 63041-079**
**USP Florence-High**
**U.S. Penitentiary**
**P.O. Box 7000**
**Florence, Colorado 81226**

This December 22, 2014.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge